602 S.E.2d 47

**HOEFER FAMILY LIMITED PARTNERSHIP, Herbert W. Hoefer Marital Trust, Lilla F. Hoefer, Carol S. Hoefer, Theodore M. Hoefer, Jr., Elizabeth Hoefer Ward and C. Scott Ward, Appellants/Respondents,**

v.

**The COUNTY OF CHARLESTON and Andrew C. Smith, CPA, in his official capacity as Charleston County Treasurer, Respondents/Appellants.**

**No. 25856.**

Supreme Court of South Carolina.

Heard April 20, 2004.

Decided Aug. 16, 2004.

John M.S. Hoefer and K. Chad Burgess, both of Willoughby & Hoefer, PA, of Columbia, for Appellants/Respondents.

Joseph Dawson and Bernard E. Ferrara, Jr., both of Charleston County Attorney's Office, of North Charleston, for Respondents/Appellants.

Justice PLEICONES:

Appellants/respondents the (Hoefers)[1] paid their 2001 *ad valorem* real property taxes to respondents/appellants (County)[2] "under protest" and then initiated this refund action in circuit court.[3] The Hoefers appeal from an order calculating their refunds, contending the circuit court erred in its methodology; County appeals several issues, arguing among other things that the circuit court erred in refusing to dismiss this suit and to require the Hoefers to exhaust their administrative remedies. We reverse the circuit court orders and remand the matter to circuit court with instructions to dismiss the suit without prejudice to the Hoefers' right to pursue their administrative refund remedies.

This is a companion case to our decision filed today in *Brackenbrook North Charleston, LP v. County of Charleston*, 360 S.C. 390, 602 S.E.2d 39, 2004 WL 1822866 (2004). For the reasons given in *Brackenbrook*, we hold that the Hoefers must pursue their refunds using the procedure found in S.C.Code Ann. § 12–60–2560 (2000).[4] Further, pursuant to Rule 222(a), SCACR, we award the Hoefers their appellate costs and a reasonable attorney's fee.

The circuit court orders on appeal are reversed to the extent they decide any issue other than the lawfulness of Charleston County Ordinance 1163, and the matter remanded.

REVERSED AND REMANDED.

---

**1.** The appellants/respondents are five individuals, one marital trust, and a family limited partnership.

**2.** Respondents/appellants are Charleston County and its treasurer, referred to collectively as "County."

**3.** According to the complaint, several of the Hoefers did not pay the taxes until after the suit was commenced.

**4.** The parties confirmed at oral argument that the Hoefers had initiated a refund request under this statute that was being held in abeyance pending the decision in the suit.

WALLER, BURNETT, JJ., and Acting Justice J. ERNEST KINARD, Jr., concur.  MOORE, Acting C.J., dissenting in a separate opinion.

Acting Chief Justice MOORE, dissenting:

I respectfully dissent.  To the extent the trial court's order is consistent with my dissent in the companion case of *Brackenbrook North Charleston, LP v. County of Charleston*, 360 S.C. 390, 602 S.E.2d 39, 2004 WL 1822866 (2004), I would affirm.